UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:11CV-87-S

**RICHARD WINSTEAD**                                            **PETITIONER**

v.

**WARDEN, LUTHER LUCKETT CORRECTIONAL COMPLEX**        **RESPONDENT**

## MEMORANDUM OPINION

Petitioner Richard Winstead initiated this *pro se* action on February 15, 2011, by sending a letter to the Court in which he stated that he was held being past his outdate in violation of the Constitution. The Court issued on Order on March 22, 2011, informing Winstead that the letter was appropriately characterized as a petition for writ of habeas corpus under 28 U.S.C. § 2254. The Court warned Winstead that characterization of his letter as a petition under § 2254 subjects any subsequent § 2254 petition to the stringent restrictions on "second or successive" petitions. *See* 28 U.S.C. § 2244(b)(1) & (2). Therefore, the Court stated that it would not characterize the action as a § 2254 petition for writ of habeas corpus until it provided Winstead with an opportunity to withdraw the action or file an amended § 2254 petition which included all the claims he believed he had. The Court ordered Winstead to notify the Court in writing whether he wished to withdraw his petition or to amend it within 30 days. The Court also ordered Winstead to pay the $5.00 filing fee or file an application to proceed without prepayment of fees. The Court warned Winstead that his failure to respond to the Order within 30 days would result in dismissal of the action. More than 30 days have passed, and Winstead has failed to respond to the Order.

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Petitioner's failure to comply with the Court's Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Petitioner, *pro se*
4411.010